IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BARBARA PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:21-cv-02730-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| SHELBY COUNTY GOVERNMENT, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND
GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Plaintiff Barbara Phillips sued Defendant Shelby County Government in November 2021 under the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Family Medical Leave Act ("FMLA"). (ECF No. 1 at PageID 1–2.) Under Administrative Order 2013–05, the Court referred this case to Magistrate Judge Charmaine G. Claxton ("Judge Claxton") for management of pretrial matters.

Defendant moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11.) And Judge Claxton issued a Report and Recommendation ("R&R"), recommending this Court grant the motion to dismiss. (ECF No. 15 at PageID 162.) Plaintiff objected to the R&R and moved for leave to amend her complaint. (ECF Nos. 20 & 21.) Defendant responded to Plaintiff's objections and motion to amend. (ECF Nos. 22 & 23.)

For the reasons below, the Court **ADOPTS IN PART** the R&R and **GRANTS IN PART** Defendant's motion to dismiss. As explained below, the Court also **GRANTS IN PART** Plaintiff's motion to amend only as to her ADA claim for failure to accommodate. In the end,

the only remaining claim for now is the failure to accommodate claim under the ADA.

## THE REPORT AND RECOMMENDATION

**I.      Plaintiff's Complaint**

Plaintiff sued Defendant Shelby County Government in November 2021 for employment discrimination based on her disability. (ECF No. 1 at PageID 1–2.) Plaintiff filed an EEOC charge in November 2020 and received a right to sue letter in August 2021.[1] (*Id.* at PageID 2–3.)

Plaintiff began working for Defendant Shelby County Government in 1998 as a deputy jailer for the Shelby County Sheriff's Department ("SCSD"). (*Id.* at PageID 3.) In 2013, Plaintiff worked at Jail East in Memphis, Tennessee. (*Id.* at PageID 4.) In May 2013, Plaintiff was diagnosed with anxiety, insomnia, PTSD, and major depressive disorder without psychosis. (*Id.*) Plaintiff alleges that Defendant and its employees were "the direct and proximate cause of [Plaintiff's] diagnosis." (*Id.*)

According to the complaint, Jail East used a cleaning product called Razor Orange, which Plaintiff soon discovered she was allergic to. (*Id.* at PageID 5.) Exposure to that cleaning

---

[1] Although the complaint suggests that the EEOC charge is attached as "Exhibit A," the corresponding exhibit contains only Plaintiff's right to sue letter. (ECF Nos. 1 at PageID 3; 1-1 at PageID 17.) But Defendant attached Plaintiff's EEOC charge to its motion to dismiss. (ECF No. 11-2 at PageID 124.) Courts reviewing a complaint under Rule 12(b)(6) may consider "items appearing in the record of the case" and "exhibits attached to the complaint." *Meyers v. Cincinnati Bd. of Educ.*, 983 F.3d 873, 880 (6th Cir. 2020) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)); *see also Golf Vill. North, LLC v. City of Powell*, 14 F.4th 611, 617 (6th Cir. 2021); *Keene Grp., Inc. v. City of Cincinnati*, 998 F.3d 306, 310–11 (6th Cir. 2021). And "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Amini*, 259 F.3d at 502 (internal quotation marks omitted); *see also Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Plaintiff not only references the EEOC charge in her complaint but also states that she included it as an attachment to the complaint. (ECF No. 1 at PageID 3.) Because the EEOC charge is central to Plaintiff's claim, the Court will consider it as part of Plaintiff's pleading.

product caused Plaintiff to have "difficulty breathing, teary eyes and migraines." (*Id.*) Plaintiff reported it to her supervisors but received no response. (*Id.*) Plaintiff also wrote a letter about the chemical exposure to "THOSHA," an acronym likely referencing the Tennessee Occupational Safety and Health Administration ("TOSHA"). (*Id.*)

Plaintiff alleges that she suffered a severe, life-threatening asthma attack in September 2013, although the complaint does not specify what caused the attack. (*Id.*) In January 2014, the SCSD transferred Plaintiff to the Shelby County Jail in Memphis, Tennessee. (*Id.*) Plaintiff told supervisors about health and cleanliness concerns related to inmates, but she received no response. (*Id.* at PageID 6.) According to the complaint, between 2018 and 2020, "Plaintiff's exposure to harsh chemicals increased," and "Plaintiff experienced 7–8 documented on the job injuries." (*Id.*) Plaintiff alleges that she "experienced asthma attacks multiple times and [went into] anaphylactic shock on at least five occasions." (*Id.*) Epinephrine was administered each time, which "negatively affects" Plaintiff's diabetes. (*Id.*)

Plaintiff's physicians told her to avoid chemical exposure, and Plaintiff requested "safe and available work areas...." (*Id.* at PageID 6–7.) According to the complaint, Plaintiff "requested accommodation and safe and available work areas countless times and those requests were intentionally denied." (*Id.* at PageID 7.) Plaintiff alleges that "[o]ver the years, [she] observed similarly situated officers in her protected class receive accommodation for their health conditions." (*Id.*) And "officers with less seniority were allowed to work in areas free of harsh chemicals and cleaning products, while [Plaintiff's] requests went unfulfilled." (*Id.*) Plaintiff requested a meeting with supervisors in January 2020 "because she had been forced to work lockdown floors where she could not check her glucose levels."[2] (*Id.*)

---

[2] Plaintiff's complaint also references "continuous bullying" by a Lieutenant at the facility with

Plaintiff alleges that Defendants increased "cleaning and the use of harsh chemicals" during the COVID-19 pandemic. (*Id.*) She alleges that she "continued to request safer work areas for her well documented condition, yet no accommodations were made." (*Id.*) For example, according to the complaint, Plaintiff notified the human resources department in July 2020 "that she would not be able to work mandatory overtime due to the many, previous allergic reactions to the harsh chemicals being used every hour." (*Id.* at PageID 7–8.) A human resources employee told Plaintiff to raise her concerns with her shift commanders. (*Id.* at PageID 8.) So she allegedly emailed Chief Askew about the issue, and Askew told Plaintiff to speak with her shift commanders. (*Id.*) Askew told her that she had to work mandatory overtime but that the shift commanders would attempt to accommodate her request. (*Id.*)

Plaintiff alleges that in August 2020, she "launched her own investigation as to the safety of BIOVEX, the chemical used to clean and spray inmate's cloth masks." (*Id.*) Plaintiff asserts that she spoke with a representative of the chemical manufacturer who said the product requires ventilation and should be used only on hard surfaces. (*Id.*) Plaintiff alleges that a Sergeant threatened to write her up for failure to spray inmate's masks with BIOVEX. (*Id.*)

Plaintiff alleges that when she took her most recent medical leave, "she had developed epileptic seizures due to stress, uncontrollable hypertension, her diabetes had worsened due to frequent Epinephrine usage and she . . . suffer[ed] with severe PTSD anxiety and depression." (*Id.* at PageID 9.) Plaintiff applied for long term disability, and it was approved. (*Id.*) Defendant then sent Plaintiff a letter in March 2021 "stating that [Plaintiff] had been on

---

whom Plaintiff had "previous issues." (ECF No. 1 at PageID 7.) She also alleges that she requested a meeting with supervisors after the Lieutenant "physically touched" her. (*Id.*) The complaint includes other allegations about incidents unrelated to Plaintiff's discrimination claims.

consecutive sick leave since August 30, 2020, [explaining] her options for continued long-term disability and [informing Plaintiff] that she would no longer be on [Defendant's] payroll and no longer a Shelby County employee after April 30, 2021." (*Id.*) Plaintiff alleges that she "did not have a feasible option to return to work without risking her life and was essentially constructively discharged." (*Id.*)

Plaintiff's complaint contains seven claims against Defendant. Count one alleges discrimination in violation of Title VII and the ADA. (*Id.* at PageID 9–10.) Count two alleges refusal to accommodate in violation of Title VII. (*Id.* at PageID 10.) Count three alleges retaliation in violation of Title VII. (*Id.*) Count four alleges disparate treatment. (*Id.* at PageID 11.) Count five alleges hostile work environment. (*Id.* at PageID 12.) Count six alleges constructive discharge. (*Id.* at PageID 13.) And count seven alleges a violation of the FMLA. (*Id.*)

The Court now discusses Judge Claxton's recommendation about the Defendant's motion to dismiss.

## II.     The Magistrate Judge's Analysis

Judge Claxton construed the complaint as asserting ADA claims for failure to accommodate, disparate treatment, hostile work environment, retaliation, and constructive discharge. (ECF No. 15 at PageID 162.) The R&R notes that Plaintiff cites Title VII, but Judge Claxton emphasized that disability is not a characteristic protected by Title VII. (*Id.* at PageID 162 n.1.) Rather, Title VII prohibits employment discrimination based on "race, color, religion, sex, or national origin." (*Id.* (quoting 42 U.S.C. § 2000e-2(a)).) The R&R then turns to Plaintiff's FMLA claim: "rather than alleging a violation [of the FMLA], she merely asserts that she utilized leave under the FMLA two decades before this case was filed." (*Id.*) Because the

5

complaint lacked supporting factual allegations, Judge Claxton recommends dismissing the FMLA claim. (*Id.*)

Judge Claxton then turned to Plaintiff's ADA claims. The R&R begins with the statute of limitations:

> Before a plaintiff can file a federal lawsuit for employment discrimination, she must first file a charge with the Equal Employment Opportunity Commission ("EEOC") or a similar state authority. *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001). This functions as a screen to see what, if any, claims may be remedied by the administrative process. *Id.* Such a charge "shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. §2000e-5(e)(1); *see Loffredo v. Daimler AG*, 666 F. App'x 370, 377 (6th Cir. 2016).
>
> Plaintiff filed her EEOC charge with the Tennessee Human Rights Commission ("THRC") on November 11, 2020. Thus, to survive the statute of limitations, her claims must arise from unlawful employment practices that occurred on or after January 15, 2020. (D.E. #11-2). Upon review of her Complaint, it is RECOMMENDED that the time-barred allegations include all allegations prior to that date, including any claim arising from the use of Razor Orange in 2013. (*Id.* ¶¶ 19–21).

(ECF No. 15 at PageID 167.)

The R&R then addresses exhaustion of administrative remedies:

> The next step is to analyze whether Plaintiff exhausted her administrative remedies for the claims that are within the statute of limitations. A plaintiff must satisfy two prerequisites before filing a federal action. The first is that the plaintiff must file a charge of discrimination with the EEOC or similar state authority, as discussed above. The second requirement is timely filing the federal action after the EEOC's right-to-sue letter is provided. *See Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989). The Sixth Circuit has stated that, as a general rule "the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Weigel v. Baptist Hosp. of E. Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002).
>
> There are three instances detailed in the Complaint that occur within the statute of limitations: (1) Plaintiff's July 6, 2020 notification to Human Resources that she would not be able to work mandatory overtime (Compl. ¶ 34); (2) Plaintiff's August 2020 investigation into the safety of a cleaning product, BIOVEX, and subsequent instruction that she must use it on inmates' facemasks despite her concerns (Compl. at ¶¶ 35–36); and, (3) her termination, of which she

> was notified on March 3, 2021 and became effective on April 30, 2021 (Complaint at ¶¶ 40–41). Plaintiff's EEOC Charge in no way mentions the BIOVEX issues. (D.E. #11-2 at PageID 124). Additionally, Plaintiff's notice of termination and eventual discharge was not included in the EEOC Charge, as it occurred after the EEOC Charge was filed in November 2020. (*Id.*) Thus, it is RECOMMENDED that the only claim on which Plaintiff has exhausted her remedies would be one arising from the July 6, 2020 notification.

(ECF No. 15 at PageID 168–69.)

Lastly, Judge Claxton recommends that this Court find that the complaint fails to state a claim related to the July 2020 notification to human resources about overtime and her previous allergic reactions. (*Id.* at PageID 169.) The R&R emphasizes that Plaintiff failed to allege whether she requested accommodations from her shift commanders and, if she did, what decisions the shift commanders made. (*Id.* at PageID 170.) And so the R&R concludes that the complaint does not plausibly allege that Plaintiff "made a request for an accommodation that would begin the ADA accommodations process." (*Id.*)

## **DISPOSITION**

### I.     Objections

When a party objects timely to a portion of an R&R, the Court has to review de novo that "part of the magistrate judge's disposition." Fed. R. Civ. P. 72(b)(3). After this review process, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* A district court need not articulate all the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

And a party objecting to the R&R must do so with enough specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505,

7

509 (6th Cir. 1991)). "A general objection that does not identify specific issues from the magistrate's report . . . is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cnty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citations omitted); *see also Howard*, 932 F.2d at 509 (finding that a general objection to all of a Magistrate Court's report "has the same effects as would a failure to object"). What is more, a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [court]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

As stated above, Plaintiff objected to the R&R. (ECF No. 20.) And Defendant responded to Plaintiff's objections. (ECF No. 22.) Plaintiff's objections focus on the R&R's analysis of her ADA claims. The Court will now turn to the analysis of Plaintiff's claims.

**II.    Analysis of Plaintiff's Claims**

    **A.    Title VII Claims**

The Court agrees with Judge Claxton's conclusion on the Title VII claims. As stated above, Plaintiff's complaint includes claims for discrimination under Title VII, refusal to accommodate under Title VII, retaliation under Title VII, disparate treatment, hostile work environment, and constructive discharge. (ECF No. 1 at PageID 9–13.) Judge Claxton construed the complaint as asserting several of these claims under the ADA rather than Title VII. (ECF No. 15 at PageID 162.) As Judge Claxton correctly pointed out, disability is not a characteristic protected by Title VII. *See* 42 U.S.C. § 2000e-2(a). And as a result, "Title VII does not cover . . . disability discrimination claims." *Clark v. City of Dublin*, 178 F. App'x 522, 524 (6th Cir. 2006) (citation omitted). What is more, the complaint includes no allegations

8

related to employment discrimination based on "race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2(a). And "Title VII does not protect against a generally abusive working environment." *Hood v. City of Memphis Pub. Works Div.*, No. 17-2869, 2018 WL 2387102, at *2 (W.D. Tenn. Jan. 8, 2018) (quoting *Lauro v. Tomkats, Inc.*, 9 F. Supp. 2d 863, 871 (M.D. Tenn. 1998)). For these reasons, the complaint fails to state any claims under Title VII. But like Judge Claxton, the Court will address these claims under the ADA.

> B.   **FMLA Claim**

Plaintiff claims a violation of the FMLA. (ECF No. 1 at PageID 13.) The R&R states that Plaintiff fails to support the FMLA claim with factual allegations. (ECF No. 15 at PageID 162.) Plaintiff's objections to the R&R include no specific objections to this conclusion. (ECF No. 20.) Indeed, the complaint states that Defendant "interfered with, retaliated against, restrained and/or denied Plaintiff protection afforded under the [FMLA] by discriminating and/or retaliating against [P]laintiff because she exercised her rights under [the] FMLA." (ECF No. 1 at PageID 14.) But the complaint does not explain what conduct violated the FMLA. And so the complaint does not satisfy Rule 8(a)'s requirement of containing "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2); *see also Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) ("To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). For this reason, this Court agrees with the R&R and finds that the complaint fails to state a claim under the FMLA. Now the Court will turn to the ADA claims.

### C. ADA Claims

As for Plaintiff's ADA claims, the R&R focuses on timeliness and the mandatory charge-filing requirement. Typically, before suing under the ADA, a plaintiff must exhaust the available administrative remedies by "fil[ing] a charge of discrimination with the EEOC that includes all claims the employee intends to bring in district court." *Russ v. Memphis Light Gas & Water Div.*, 720 F. App'x 229, 236 (6th Cir. 2017) (citing *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010)); *see also Williams v. Northwest Airlines*, 53 F. App'x 350, 352 (6th Cir. 2002). And in Tennessee, a plaintiff must file the EEOC charge within 300 days of the alleged discriminatory acts. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Jones v. City of Franklin*, 309 F. App'x 938, 945 (6th Cir. 2009); *Tartt v. City of Clarksville*, 149 F. App'x 456, 460 (6th Cir. 2005) (Tennessee is a "deferral state," meaning that the 300-day statute of limitations applies).

Plaintiff filed an EEOC charge here on November 11, 2020, alleging discriminatory acts from January 2013 to August 2020. (ECF No. 11-2 at PageID 124.) Judge Claxton recommends that the statute of limitations bars any claims before January 15, 2020. (ECF No. 15 at PageID 167.) The R&R also recommends finding that Plaintiff failed to exhaust her administrative remedies for any claims after the November 2020 EEOC charge, including Plaintiff's April 2021 termination. (*Id.* at PageID 169.) And as stated above, the R&R concludes that the complaint fails to state a claim under the ADA for any events between January 15, 2020, and November 11, 2020. (*Id.* at PageID 170.)

In her objections, Plaintiff argues that equitable tolling should apply here "because [Plaintiff's] EEOC charge expressly states that she presented her grievances to [Defendant's]

Human Resources Department and that no action was taken." (ECF No. 20 at PageID 189.) This Court disagrees.

The law does not support applying equitable tolling here. "Federal courts apply equitable tolling sparingly." *Williams*, 53 F. App'x at 352 (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see also Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001). And "[a] plaintiff must demonstrate facts showing . . . diligence in pursuing the claim." *Williams*, 53 F. App'x at 352 (citing *Morgan v. Washington Mfg. Co.*, 660 F.2d 710, 712 (6th Cir. 1981)). Alleging that Plaintiff "presented her grievances" to Defendant is not enough to warrant tolling the statute of limitations. *See Amini*, 259 F.3d at 500. This Court therefore finds that the statute of limitations bars any claims before January 15, 2020. And so dismissal is appropriate for those claims. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

As for exhaustion, Plaintiff asserts that "each and every charge alleged in the Complaint is reasonably related to, and expected to grow out of, the . . . allegations in Plaintiff's EEOC charge." (ECF No. 20 at PageID 193.) Putting aside this objection's lack of specificity, the Court finds that the objection lacks merit. The R&R correctly points out the obvious—the November 2020 EEOC charge cannot exhaust Plaintiff's administrative remedies for claims occurring after its filing. *See Russ*, 720 F. App'x at 236; *Younis*, 610 F.3d at 361. And failure to exhaust is a valid basis for dismissal. *Williams*, 53 F. App'x at 352. For that reason, the Court finds that Plaintiff cannot maintain an ADA claim based on any events after November 2020, including her termination. Plaintiff failed to exhaust her administrative remedies for those claims.

At bottom, the Court agrees with the R&R's conclusion that Plaintiff cannot bring ADA claims based on allegations before January 15, 2020, or after November 11, 2020. The question

11

then becomes whether Plaintiff alleged any discriminatory conduct within that window of time. The Court agrees with the R&R that Plaintiff alleges only that Defendant failed to accommodate her disability during the pertinent timeframe.

In the meantime, Plaintiff alleges no disparate treatment within the applicable timeframe. (ECF No. 1 at PageID 9–12.) And she links no factual allegations to her disparate treatment claims. *See Barnett*, 414 F. App'x at 786. Similarly, Plaintiff cannot maintain a hostile work environment claim because the alleged harassment occurred before January 15, 2020. (ECF No. 1 at PageID 7.) What is more, the complaint does not allege that "the harassment was based on her disability." *Oliver v. Titlemax*, 149 F. Supp. 3d 857, 865 (E.D. Tenn. 2016) (quoting *Trepka v. Bd. of Educ.*, 28 F. App'x 455, 461 (6th Cir. 2002)). In the same way, Plaintiff cannot maintain a retaliation claim because she does not identify a retaliatory action within the 300 days before her November 2020 EEOC charge. (ECF No. 1 at PageID 11.) Likewise, as explained above, Plaintiff's termination cannot serve as the basis for her retaliation claim. *See Russ*, 720 F. App'x at 236; *Younis*, 610 F.3d at 361. As a result, these claims must be dismissed, and only Plaintiff's failure to accommodate claim remains.

The R&R concludes that Plaintiff failed to state a claim for failure to accommodate her disability. (ECF No. 15 at PageID 170–71.) But the complaint is unclear about what alleged failures to accommodate happened within the statute of limitations. And Plaintiff now wants to amend her complaint to correct that problem. (ECF No. 21.) Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). And the Court finds that the circumstances here justify allowing Plaintiff to amend her complaint to clarify the allegations underlying her ADA claim for failure to

accommodate. The Court will therefore let Plaintiff amend her complaint only as to the failure to accommodate claim under the ADA.

## CONCLUSION

For the reasons above, the Court **ADOPTS IN PART** the R&R and **GRANTS IN PART** Defendant's motion to dismiss. The Court therefore **DISMISSES** Plaintiff's Title VII and FMLA claims and her ADA claims for disparate treatment, retaliation, hostile work environment, and constructive discharge.

The Court also **GRANTS IN PART** Plaintiff's motion to amend. The Court **DIRECTS** Plaintiff to amend her complaint only as to her ADA claim for failure to accommodate her disability within 30 days from the entry of this order.

**SO ORDERED**, this 1st day of July, 2022.

                                              s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE