## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| BARBARA PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-02730-BCL-cgc |
| | ) | |
| SHELBY COUNTY GOVERNMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Shelby County Government's Motion for Summary Judgment. Doc. 70. For the following reasons, Defendant's Motion is **DENIED**.

### BACKGROUND

Barbara Phillips worked as a deputy jailer for Shelby County from 1998 to 2021. Doc. 30 at 1. Starting in 2013, she developed severe allergic reactions and asthma attacks triggered by "Razor Orange" and other cleaning chemicals used in the jail. *Id*. Between 2018 and 2020, she suffered multiple medical incidents at work and made numerous requests for a transfer to a safer area, but the County denied them. *Id*.; Doc. 76-1 at 1-2.

In March 2020, chemical use increased due to the COVID-19 pandemic. Doc. 30 at 2, 71-72. Phillips took medical leave in August 2020 and was terminated in March 2021 after exhausting her leave options. *Id*.

Plaintiff filed a Complaint on November 23, 2021. Doc. 1. On December 23, 2021, the County moved to dismiss the Complaint. Doc. 11. On July 1, 2022, the judge then assigned to the case, Judge Thomas Parker, entered an Order dismissing Plaintiff's claims under Title VII of the Civil Rights Act, the Family and Medical Leave Act, and the Americans with Disabilities Act ("ADA") relating to disparate treatment, hostile work environment, and constructive discharge. Doc. 24. The Court allowed Plaintiff to amend her Complaint as to the allegations relating to her claims for failure to accommodate under the ADA. *Id*. at 13.

Plaintiff missed the court-ordered deadline and did not file her amended complaint until October 13, 2022. Doc. 30. On January 9, 2023, Judge Parker entered an Order striking Plaintiff's Amended Complaint as untimely and dismissed the remainder of her claims. Doc. 35.

Plaintiff then appealed the dismissal of her claims to the Sixth Circuit Court of Appeals. Doc. 37. The Sixth Circuit partially vacated the District Court's dismissal of Plaintiff's Action and remanded specific issues for further proceedings. Doc. 39. The Sixth Circuit held that Plaintiff failed to timely file a claim for any violations that occurred before January 16, 2020. *Id*. at 5. The Court further determined that "Phillips's complaint sufficiently alleged that the County violated the ADA during the limitations period because it denied her a reasonable accommodation by failing or refusing to transfer her to an area where she would not be exposed to cleaning chemicals and disinfectants." *Id*. at 5-6.  The Sixth Circuit further found that Plaintiff's only viable claims were her "disability-discrimination claim with respect to her termination and the County's alleged failure to reasonably accommodate her disability during the limitations period." *Id*. at 7.

Thus, the only claims permitted by the Sixth Circuit's order of remand are Plaintiff's claims for disability-based discrimination stemming from her termination and the County's alleged failure to accommodate her during the limitations period—i.e., since January 16, 2020. *Id*.

The undisputed facts are as follows: On February 2, 2020, Plaintiff requested to be moved to third relief post. Doc. 70-1 at 1; Doc. 73-1 at 2. On February 17, 2020, and again on August 17, 2020 the Absence Management Coordinator, Janis Watkins, sent Plaintiff a letter enclosing the Medical Provider Employee Job Duties Evaluation Form. Doc. 70-1 at 1; Doc. 73-1 at 4-6. The letter informed Plaintiff that she needed to provide the Medical Provider Employee Job Duties Evaluation Form to her medical provider to complete and return. Doc. 70-1 at 1-2; Doc. 73-1 at 5-6. Plaintiff did not return the Form to Ms. Watkins. Doc. 70-1 at 2; Doc. 73-1 at 6.

In their present Motion for Summary Judgment, Defendant argues that Plaintiff has (1) failed to make a reasonable accommodation request and (2) failed to engage in the interactive process. Doc 70.

## **LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When the moving party has carried its burden…its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party "must come forward with specific facts showing that there is a genuine issue for trial." *Feagin v. Mansfield Police Dep't*, 155 F.4th 595, 612 (6th Cir. 2025). "Blanket denials of a defendant's evidence are 'not enough' to

3

create a genuine issue of material fact." *Id*. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

In deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Id*. Courts do not make credibility determinations or weigh the evidence when deciding a motion for summary judgment. *See Martinez v. Cracker Barrell Old Country Store, Inc.*, 703 F.3d 911, 914 (6th Cir. 2013).

## LEGAL ANALYSIS

The ADA prohibits entities from discriminating against a "qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C.A. § 12112(a). The statute defines "discriminate" to include "not making reasonable accommodations to the known physical ... limitations of an otherwise qualified individual with a disability" unless the employer "can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. § 12112(b)(5)(A). A "qualified individual" is one who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

"[C]laims premised upon an employer's failure to offer a reasonable accommodation necessarily involve direct evidence (the failure to accommodate) of discrimination." *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 868 (6th Cir. 2007). When an ADA plaintiff premises their claims on direct evidence, the court analyzes the claim under the following framework:

(1) The plaintiff bears the burden of establishing that he or she is disabled.

4

(2) The plaintiff bears the burden of establishing that he or she is "otherwise qualified" for the position despite his or her disability:
   (a) without accommodation from the employer;
   (b) with an alleged "essential" job requirement eliminated; or
   (c) with a proposed reasonable accommodation.

(3) The employer will bear the burden of proving that a challenged job criterion is essential, and therefore a business necessity, or that a proposed accommodation will impose an undue hardship upon the employer.

*Id*. Defendant does not contest that Plaintiff is disabled. Instead, the parties' dispute centers on whether Plaintiff's has "proposed" a "reasonable accommodations," as relevant to part (2)(c) of the above framework.[1]

## I.      Reasonable Accommodations

"An accommodation allows an individual to perform a job despite any limitations imposed by the disability." *Kellar v. Yunion, Inc.*, 157 F.4th 855, 877 (6th Cir. 2025) "That accommodation is reasonable if it mak[es] existing facilities used by employees readily accessible to and usable by individuals with disabilities, or if it represents an appropriate adjustment or modification of policies that already exist." *Id*. (internal citations omitted); 42 U.S.C. § 12111(9).

"Under the ADA, the employee typically bears 'the initial burden of proposing an accommodation and showing that that accommodation is objectively reasonable.'" *Cooper v. Dolgencorp, LLC*, 93 F.4th 360, 371 (6th Cir. 2024). A "reasonable accommodation" under the ADA can include "reassignment to a vacant position." *Id*. (quoting 42 U.S.C. § 12111(9)(B)). "Where the requested accommodation is a job transfer, 'employers have a duty to locate suitable

---

[1] Plaintiff also has alleged a claim of wrongful termination or constructive discharge in violation of the ADA. Doc. 30 at 12,  In a footnote in its reply in support of summary judgment, Defendant apparently seeks to dismiss that claim because it "is threadbare, mere legal conclusion, and has not been developed." Doc. 76 at 1 n.1. Whatever the merit of that argument, and of the underlying claim at which it aims, the Court does not address it here. Needless to say, a footnote in a reply in support of summary judgment is not the place for asserting new arguments, much less arguments that should have been made in a motion to dismiss for failure to state a claim or for judgment on the pleadings.

5

positions for' employees with disabilities." *Id.* "But the employer need not eliminate the essential functions of open positions, fire other employees to manufacture such openings, or create new positions." *Smith v. Newport Utilities*, 129 F.4th 944, 952–53 (6th Cir. 2025). "Nor does a reasonable accommodation require employers to eliminate or reallocate an essential job function." *Cooper*, 93 F.4th at 372.

As relevant to the reasonableness of Plaintiff's requested accommodations, Defendant's argument turns on a single contention: "Plaintiff's request for a job transfer to third relief post was unreasonable as a matter of law because the position was not open." Doc. 70-6 at 5; *see id.* at 5-6; *see also See Cooper v. Dolgencorp, LLC*, 93 F.4th 360, 373 (6th Cir. 2024) ("Because the position was not vacant, it was not a reasonable accommodation as a matter of law."). And Defendant does have some evidence in its favor: When Plaintiff requested this position on February 2, 2020, Chief George Askew responded, "[t]his post will not be opened due to staffing issues[.]" Doc. 30 at 169-70.

Plaintiff counters that, to her knowledge, overtime workers were allowed to work the same third relief post, revealing that it was available. Doc. 73-1 at 3-4; Doc. 30 at 76.  If the jury credits that testimony, it would find that position open and thus a potential reasonable accommodation. (And because the position was being filled with employees working overtime, recognizing the position as a reasonable accommodation would not run afoul of the very sensible rule that an employer need not fire other employees to create a vacancy; indeed, one might wonder why the employer was using presumably more expensive overtime employees to fill the position instead of just filling it with a dedicated employee who could perform the duties without triggering overtime pay.  *See Newport Utilities*, 129 F.4th at 952–53.) Moreover, Plaintiff has pointed to evidence that:

6

- In May 2020 she requested reassignment to a separate "2nd Floor P&Q" post where she had not previously been exposed to chemicals triggering her claimed disability (Doc. 30 at 299)[2];

- In July 2020, Plaintiff requested reassignment to "Annex Pods F, G, and H … if it's available," with a response indicating that the position would be forwarded to others upon retirement of the apparent incumbent (Doc. 30 at 177, 179).

Defendant does not address these positions in its Motion or even in its Reply, much less contend that they were not open. *See* Doc. 70-6; Doc. 76.

Thus, viewing the record in the light most favorable to Plaintiff, there is a genuine issue of material fact concerning whether Plaintiff requested reassignment to an open position that could qualify as a reasonable accommodation.

## II.     Engagement in the Interactive Process

"The ADA does not obligate employers to make on the spot accommodations of the employee's choosing." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 840 (6th Cir. 2018). Rather, "an employer must engage in an informal, interactive process with the employee to identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." *Id.* (internal citations omitted). "For employees seeking accommodations, 'the interactive process is mandatory, and both parties have a duty to participate in good faith.'" *Id.*; *see id.* ("Once an employee makes such a request, the employer is obligated by law to engage in an interactive process: a meaningful dialogue with the employee to find the best means of accommodating the disability." (quotation marks and citation omitted)). "The purpose of this process is to 'identify the precise limitations resulting from the disability and

---

[2] Plaintiff also claims that, on May 30, 2020, she requested a reassignment to "door roller or relief to avoid chemical exposure." Doc. 73 at 8. The cited page of the record (Doc. 30 at 299) does not support that contention. In her filings, Plaintiff also discusses several accommodation requests made before January 16, 2020. Those requests fall outside the statute of limitations as determined by the Sixth Circuit, and they therefore are irrelevant to the issue of whether Plaintiff has identified an open position to which she could have been transferred as an accommodation.

7

potential reasonable accommodations that could overcome those limitations.'" *Kleiber*, 485 F.3d at 871.[3]

Defendant argues that Plaintiff failed to engage sufficiently or in good faith with the interactive process because she did not complete and have her medical provider fill out the Medical Provider Employee Job Duties Evaluation Form when it was sent to her by Defendant's Absence Management Coordinator on February 17, 2020 and August 17, 2020. Doc. 70-6 at 6-9; Doc. 70-1 at 1-2; Doc. 30 at 92, 596-97.

Plaintiff does not dispute that the Form reflects Defendant's usual process for evaluating accommodation requests.  Nor does she dispute that she did not complete the Form. She does, however, make two other arguments.

*First*, Plaintiff asserts that she never received the Form.  Doc. 73-1 at 5-6. The record does not support this claim: Plaintiff's handwritten notes on the August Form assert only that she did not receive the February Form (which was sent to the same address as the August Form) and that she informed the Absence Management Coordinator of that fact, which confirms that she did receive at least the August Form. Doc. 30 at 289. Thus, even assuming an employee's failure to receive an employer's overtures could excuse or satisfy the interactive process requirement, Plaintiff's argument fails.

*Second*, Plaintiff argues that her failure to complete the form is of no moment because she had repeatedly explained her disability to Defendant over the course of a seven year period,

---

[3] The interactive process is established—suggested, really—by regulation (29 C.F.R. § 1630.2(o)(3)), but it is not imposed by the ADA's text. *See Kleiber*, 485 F.3d at 871. That naturally raises questions about the validity of the regulation and its ability to control litigation, including by defeating claims that might otherwise be meritorious. But the parties here do not dispute that the interactive process requirement is valid and binding, and so the Court does not further consider the issue and expresses no view on it.

including in 2020 and including by submitting medical records and reports from doctors.[4]  Doc.

73 at 4-10; Doc. 30 at 140, 151-58, 169, 196, 220-21, 224, 272-73, 277-280, 514; Doc. 70-2.

Defendant does not point to evidence that it did not receive that information, nor state that it needed

more, nor identify evidence that it did not understand Plaintiff's claimed disability (an allergy or

acute reaction to certain cleaning products) or her requested accommodation (elimination or

reduction of her exposure to those cleaning products).

Rather, Defendant just points out Plaintiff's failure to complete the Form. That raises a

legal question: If an employer has notice of employee's disability and requested accommodation,

can the employer nevertheless succeed in claiming that the employee failed to comply with the

interactive process simply because the employee failed to use the precise form demanded by the

employer?  While the parties have not cited any case directly addressing the issue, and the Court

has not found any controlling precedent, the answer appears to be, "no."  Case law describes the

extra-statutory procedure as "an *informal*, interactive process," a "dialogue," "to identify the

precise limitations resulting from the disability and potential reasonable accommodations that

could overcome those limitations." *Brumley*, 909 F.3d at 840; *accord* 29 C.F.R. § 1630.2(o)(3). A

failure to provide an employer with needed information or confirmation (such as from a medical

provider) would be a failure to comply with the interactive process; failure to fill out an employer's

mandated form does not, at least not in and of itself.

---

[4] Defendants are incorrect in arguing that the statute of limitations makes communications that occurred before January 16, 2020, irrelevant: While the statute of limitations bars Plaintiff from recovering from a failure to accommodate that occurred before that date, the world did not begin anew; Plaintiff may point to evidence of knowledge gained by Defendant before the statute of limitations cut off, just as a plaintiff in a product-liability action may rely on evidence of knowledge gained by the defendant—say, concerning the dangers posed by the defect—well before the statute of limitations cut-off. In any event, as noted, Plaintiff alerted Defendant to her disability and requested accommodation after the statute of limitations cut-off as well. Doc. 30 at 469, 514; Doc. 70-2.

Based on the record, there is a genuine dispute of material fact as to whether the Plaintiff engaged in the required interactive process to establish her ADA claim during the limitations period.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **DENIED**.

**SO ORDERED**, this 7th day of May 2026.

*s/Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

10