**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BARBARA PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-02730-BCL-cgc |
| | ) | |
| SHELBY COUNTY GOVERNMENT | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTIONS IN LIMINE**

Before the Court are Defendant Shelby County Government's Motions in Limine to Exclude Certain Medical Testimony, Diagnoses, Evidence and Lay Opinions (Doc. 96) and Evidence Relating to Events Occurring Outside the Relevant Time Period (Doc. 97), and Plaintiff's Motion in Limine to Permit Evidence of Pre-Limitations Accommodation Requests (Doc. 104). Plaintiff filed Responses in Opposition to Defendant's Motions. Docs. 105, 106. For the following reasons, Defendant's Motion Regarding Medical Testimony is **GRANTED IN PART and DENIED IN PART**. Defendant's Motion Relating to Events Occurring Outside the Relevant Time Period and Plaintiff's related Motion are **DENIED**.

## LEGAL STANDARD

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). Motions in limine serve to:

> (i) facilitate trial preparation by providing information pertinent to strategic decisions; (ii) reduce distractions during trial and provide for a smoother presentation

> of evidence to the jury; (iii) enhance the possibility of settlement of disputes without trial; (iv) provide some additional insulation of the jury from prejudicial inadmissible evidence; and (v) improve the conditions under which the trial judge must address evidence issues by reducing the need for hasty decisions during the heat of trial.

*United States v. Judd*, 672 F. Supp. 3d 389, 391–92 (E.D. Mich. 2023). A district court's ruling on such a motion is "a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

When analyzing admissibility, a court must consider whether the evidence is relevant. Under the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Sixth Circuit emphasizes that the threshold for relevancy is low; "even if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington*, 455 F.3d 736, 738–39 (6th Cir. 2006) (citation omitted).

Irrelevant evidence is not admissible. Fed. R. Evid. 402. Further, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## LEGAL ANALYSIS

### I. Motion in Limine to Exclude Certain Medical Testimony, Diagnoses, Evidence and Lay Opinions

Defendant first moves for the exclusion of "all testimony from Plaintiff and any other witness who was not Plaintiff's medical provider, regarding any medical diagnosis, medical limitations, any use of the term 'disability' or related word, and any statements made to Plaintiff by a medical care provider or anyone else regarding Plaintiff's alleged medical condition,"

including "all lay opinion testimony relating to Plaintiff's purported medical condition." Doc. 96 at 1.

Hearsay is any "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *United States v. Judd*, 672 F. Supp. 3d 389, 395 (E.D. Mich. 2023). Under Fed. R. Evid. 803(4) a statement describing medical history or symptoms or similar information is not considered hearsay, even if the declarant is available as a witness, if it was made for the purposes of medical diagnosis or treatment. This refers to statements made by an individual to physicians for the purpose of diagnosis or treatment. *Field v. Trigg Cnty. Hosp., Inc.*, 386 F.3d 729, 735 (6th Cir. 2004). "Rule 803(4) applies only to statements made by the patient to the doctor, not the reverse." *Id.* (citing *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 564 (7th Cir.1996)).

Plaintiff acknowledges that she is unable to testify about her medical diagnoses for hearsay purposes but asserts that she should be able to testify as to her symptoms and physical condition. Doc. 106 at 3-5. Defendant conceded this point in its Motion. Doc. 96 at 2 ("Defendant does not hereby argue that Plaintiff cannot describe her symptoms; she should simply be prohibited from introducing hearsay testimony regarding her diagnosis and any alleged cause of her condition as told to her by a medical provider."). Plaintiff may testify as to her own perception so long as her opinions are not based on "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. She may not testify regarding what her physician told her for purposes of proving she has been diagnosed with a medical condition or in fact has or had a medical condition.

Plaintiff does argue that she should be able to present evidence regarding her diagnoses for non-hearsay purposes. Specifically, Plaintiff intends to testify that she told Defendant about her condition, putting Defendant on notice for ADA purposes and contributing to an attempted

showing that Defendant regarded Plaintiff as disabled (whether or not she was disabled). Doc. 106 at 2-3. "A statement that is not offered to prove the truth of the matter asserted but to show its effect on the listener is not hearsay." *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 379 (6th Cir. 2009). Because this narrow category of evidence would not be offered for its truth—that Plaintiff in fact has an identified condition or specific limitations or in fact needs accommodations—it is not inadmissible hearsay.

Finally, Defendant requests that any lay witnesses be prohibited from using the word "disability" or its equivalents because "whether Plaintiff is disabled is a legal question." Doc. 96 at 1, 3. Strictly speaking, the premise of the argument is incorrect: The definition of "disability" under the ADA is a legal question, as is the related question of what a Plaintiff must show to establish a disability, but whether a particular plaintiff has met those requirements is a factual question for the jury. *See Edwards v. Shelby County*, 159 F.4th 489, 502 (6th Cir. 2025) (reviewing jury verdict deferentially based on evidence in determining whether jury could reasonably have found plaintiff's condition rendered her disabled under the ADA). Perhaps the concern is that, in using the common term "disability" in a colloquial way, a witness might invade the province of the jury--i.e., by stating that Plaintiff's symptoms meet the legal standard. At least arguably, this is not really—or at least not necessarily—an issue of a lay witness impermissibly offering a legal opinion, but instead the result of potential divergence between how the law treats a word and how it generally is used.

In any event, the Court agrees that witnesses should not testify concerning whether Plaintiff had a "disability" (or otherwise use related words). The Sixth Circuit has addressed this issue, concluding that under Rules 701 and 704 of the Federal Rules of Evidence, where terms "have a separate, distinct, and specialized meaning in the law different from that present in the vernacular,

… exclusion is appropriate" because the testimony is not helpful to the jury. *United States v. Sheffey*, 57 F.3d 1419, 1425 (6th Cir. 1995). That logic applies here: The ADA has its own definition of "disability" that might differ from more colloquial uses. And there is no need to use the term "disability" because witnesses with knowledge can simply speak directly to how Plaintiff's alleged condition affected her. The Court therefore grants Defendants' motion to the extent it concerns use of the term "disability."

For the foregoing reasons, Defendant's Motion in Limine as to medical testimony for the purpose of proving a diagnosis and use of the term "disability" is **GRANTED IN PART AND DENIED IN PART**.[1]

## II. Motion to Exclude Evidence Relating to Events Occurring Outside the Relevant Time Period

Defendant also moves for the exclusion of "certain evidence, testimony, argument, or references at trial regarding events, conduct, communications, documents, or alleged acts occurring outside the relevant time period identified by the United States Court of Appeals for the Sixth Circuit, which is, January 16, 2020 through March 3, 2021," specifically "evidence related to any alleged discrimination or requests for alleged reasonable accommodations." Doc. 97 at 1.

This case comes before this Court on remand from the Sixth Circuit Court of Appeals.[2] Doc. 39. The Sixth Circuit vacated the earlier judgment "to the extent that it concluded that Phillips failed to state a disability-discrimination claim with respect to her termination and the County's alleged failure to reasonably accommodate her disability during the limitations period" and

[1] Defendant also moves for the exclusion of witnesses undisclosed or late-disclosed by Plaintiff. The Court excluded these witnesses pursuant to its August 12, 2026 Order Denying Plaintiff's Motion for Leave to Present Identified Trial Witnesses. Doc. 103.

[2] This case was originally assigned to Judge Thomas L. Parker. Judge Parker transferred this case to the undersigned on March 4, 2026. Doc. 67.

remanded those claims for further proceedings. *Id*. at 7. This Court is bound by the Sixth Circuit's order limiting the claims period. *See Monroe v. FTS USA, LLC*, 17 F.4th 664, 669 (6th Cir. 2021).

However, this does not automatically render evidence outside this period irrelevant. The Sixth Circuit has restricted this matter to claims that arose between January 16, 2020, and March 3, 2021. It did not rule that evidence predating that time frame must necessarily be excluded; rather, such evidence must be evaluated in accordance with the Rules of Evidence. The Court has previously acknowledged the limitations period's effect on admissible evidence in its Order Denying Defendant's Motion for Summary Judgment:

> Defendants are incorrect in arguing that the statute of limitations makes communications that occurred before January 16, 2020, irrelevant: While the statute of limitations bars Plaintiff from recovering from a failure to accommodate that occurred before that date, the world did not begin anew; Plaintiff may point to evidence of knowledge gained by Defendant before the statute of limitations cut off, just as a plaintiff in a product-liability action may rely on evidence of knowledge gained by the defendant—say, concerning the dangers posed by the defect—well before the statute of limitations cut-off. In any event, as noted, Plaintiff alerted Defendant to her disability and requested accommodation after the statute of limitations cut-off as well.

Doc. 77 at 9 n.4. Evidence demonstrating Defendant's knowledge prior to the claims period may be relevant if it *also* shows Defendant's knowledge during the claims period—e.g., that Plaintiff claimed to be disabled and sought specific sorts of accommodations.

Of course, evidence relating to pre-limitations period events must still be analyzed under Rule 403. If Defendant's concern is a risk of prejudice from the jury's misuse of the evidence—as an improper basis for liability on expired claims as opposed to for its relevance to unexpired claims—that can be mitigated with a limiting instruction. Contrary to Defendant's suggestion, the law presumes the jury will follow such an instruction. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993). Still, at some point pre-limitations period evidence might become impermissibly cumulative or be so extensive as to impermissibly risk confusing the issues or misleading the jury.

But arguments of that sort should be assessed through consideration of the specific objected-to evidence in the context of the trial.

For the foregoing reasons, Defendant's Motion in Limine as to evidence beyond the limitations period is **DENIED**. Plaintiff's related Motion is likewise **DENIED** because, as just discussed, the Court cannot deem all such evidence admissible on a blanket basis.

## CONCLUSION

Defendant's Motion Regarding Medical Testimony is **GRANTED IN PART and DENIED IN PART**. Defendant's Motion Relating to Events Occurring Outside the Relevant Time Period and Plaintiff's related Motion are **DENIED**.

**SO ORDERED** this 14th day of August 2026.

*s/Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE