**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

BARBARA PHILLIPS,

Plaintiff,

v.

SHELBY COUNTY GOVERNMENT

Defendant.

Case No. 2:21-cv-02730-BCL-cgc

**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANT'S UNDISCLOSED EVIDENCE**

Before the Court is Plaintiff's Motion in Limine to Exclude Defendant's Undisclosed Evidence Pursuant to Fed. R. Civ. P. 26 and 37(c)(1). Doc. 107. Defendant filed a Response in Opposition. Doc. 112. For the following reasons, Plaintiff's Motion is **DENIED**.

## BACKGROUND

On April 4, 2025,[1] the judge earlier assigned to this case entered a Scheduling Order that imposed the following relevant deadlines:

- April 16, 2025: Initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1);
- December 2, 2025: Supplementation of disclosures under Rule 26(e)(1);
- December 2, 2025: Close of discovery;
- May 22, 2026: Submission of Joint Proposed Pretrial Order;
- June 5, 2026: Pretrial Conference;

[1] This case was originally assigned to Judge Thomas L. Parker. Judge Parker transferred to the undersigned on March 4, 2026. Doc. 67.

- June 22-24, 2026: Jury Trial.

Doc. 48.

It appears from email traffic submitted by Plaintiff that Defendant served initial disclosures on Plaintiff back in February 2022, a time when Plaintiff was proceeding pro se. Docs. 107-1, 107-2. In response to Plaintiff's current counsel suggesting in May 2026—more than four year later—that Defendant had not served initial disclosures, Defendant provided Plaintiff's counsel with a copy on May 14. Doc. 107-1.

Defendant filed its pretrial disclosures on May 22, 2026. As relevant here, that document identified the following eight exhibits (or, in two instances, groups of exhibits) to be offered at trial:

- Letter dated February 2020 to Phillips regarding Job Duties Evaluation with evaluation form (PageID 399-401);
- Emails regarding Plaintiff's planned return to work from disability leave (PageID 465-68);
- Email from Sheriff's HR regarding Plaintiff's preferred post not being vacant (PageID 472);
- Email from Chief Askew confirming preferred post will not be reopened due to staffing issues (PageID 476);
- Communication from ADA coordinator explaining need for Job Evaluation form from doctor (PageID 477);
- Second Letter dated August 2020 to Plaintiff explaining/enclosing Job Evaluation Form (PageID 596-97);
- Email from management stating they still have not received Job Evaluation Form (PageID 603-04);
- Emails from Plaintiff regarding long term disability/return to work (PageID 629-30).

Doc. 86 at 3. Defendant does not dispute that it did not include these documents in its initial disclosures nor in its supplementation of those disclosures.

Plaintiff contends that Defendant's failure to include the documents in its initial and supplemental disclosures[2] should result in their exclusion from trial. Doc. 107 at 3. Defendant argues that (1) Plaintiff's argument is untimely, and (2) Defendant did not need to disclose the exhibits because they were already in Plaintiff's possession and, in fact, filed by Plaintiff. Doc. 112 at 1-2.

## LEGAL STANDARD

Under Rule 26(a)(1), a party must disclose early in discovery "a copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless such use would be solely for impeachment." "Rule 26(e)(1)(A) imposes a continuing obligation upon a party to 'supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect.'" *PNC Equip. Fin. v. Mariani*, 758 F. App'x 384, 389 (6th Cir. 2018) (internal citation omitted). Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (quoting Fed. R. Civ. P. 37(c)(1)).

"The exclusion of [the undisclosed] evidence is automatic and mandatory unless the offending party can show that its nondisclosure was substantially justified or harmless." *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 668 (6th Cir. 2024) (internal quotations

[2] Plaintiff also asserts in passing that the documents "were not produced in response to discovery requests." Doc. 107 at 3. Plaintiff says nothing else about discovery requests. She therefore has forfeited any argument that the documents should be excluded based on a failure to produce or identify them in response to discovery requests.

removed). The Sixth Circuit instructs courts to use the following factors to determine whether or not a failure to disclose was "substantially justified or harmless":

> (1) the surprise to the party against whom the evidence would be offered;
> (2) the ability of that party to cure the surprise;
> (3) the extent to which allowing the evidence would disrupt the trial;
> (4) the importance of the evidence; and
> (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Id*. at 668-69 (quoting *Howe*, 801 F.3d at 748). "District courts have broad discretion in applying these factors and need not apply each one rigidly." *Id*. at 669 (quoting *Bisig v. Time Warner Cable, Inc*., 940 F.3d 205, 219 (6th Cir. 2019)).

## LEGAL ANALYSIS

The Court denies Plaintiff's motion in limine for three independently sufficient reasons

**A.** Plaintiff's motion seeking to exclude the documents identified in Defendant's pretrial disclosures is untimely. Under Rule 26(a)(3)(B), a party has 14 days following her opponent's pretrial disclosures in which to list "any objection, together with the grounds for it, that may be made to the admissibility of" those "document[s] or other exhibit[s]" identified in the opponent's pretrial disclosures. "An objection not so made—except for one under Federal Rule of Evidence 402 or 403—is waived unless excused by the court for good cause." *Id.; see* Doc. 47 at 2-3 (Order reiterating this requirement). Here, Plaintiff filed her motion in limine (Doc. 107) on August 13, 2026—well more than 14 days following Defendant's May 22, 2026, pretrial disclosures (Doc. 86). Thus, under the explicit terms of Rule 26, Plaintiff has waived her objection to the documents disclosed in the pretrial disclosures absent a showing of good cause. Plaintiff has not shown good cause and has in fact not even attempted to do so. Her Motion in Limine is therefore denied because the objection it raises is untimely and waived.

**B.** The Court denies the Motion for the second and individually sufficient reason that, under Rule 26(e), there is no requirement to supplement disclosures "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." On October 13, 2022, Plaintiff Phillips, proceeding pro se, filed a First Amended Complaint. Doc. 30. Attached to the Amended Complaint, Plaintiff included each of the eight exhibits disclosed by Defendant. Doc. 30 at 92-94, 158-61, 165-66, 169, 170, 224, 289-90. Defendant also relied on some of these exhibits in its March 13, 2026 Motion for Summary Judgment. Doc. 70. Counsel for Plaintiff appeared in this case on August 15, 2024. Doc. 42. For two years Counsel has had access to all documents and exhibits filed on the docket in this matter, and Counsel has an affirmative duty to monitor that docket—as does Plaintiff, particularly when she was proceeding pro se. *See Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012). In any event, what matters here is that the purportedly undisclosed materials were "made known" to Plaintiff—and in fact attached to her own Amended Complaint.

**C.** Finally, even if Plaintiff has identified a violation of Rule 26's disclosure requirement, the Court would not order exclusion here because the *Howe* factors weigh overwhelmingly against exclusion. (1) Plaintiff has not claimed surprise, and could not reasonably do so given that she attached the documents to her Amended Complaint and Defendant attached some of them to its Motion for Summary Judgment. (2) There is therefore no surprise to cure or, viewed in a different light, Plaintiff could have avoided surprise through docket management and/or better communication of information between client and counsel. (3) Allowing the evidence should not disrupt the trial, because the evidence has long been in play in the case—again, having been attached to earlier filings. (4) While the Court has no reason to doubt Plaintiff's assertion that the evidence goes to the heart of her claims, this "cut[s] both ways"—particularly in this case,

where Plaintiff was aware of the information, leaving no reasonable excuse for her failure to share it with her attorney and otherwise act in a way consistent with its claimed importance. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 220 (6th Cir. 2019). (5) Finally, while not overly compelling, Defendant has offered a reasonable explanation for its failure to produce these materials in a supplemental, non-pretrial disclosure: whether a proper understanding of Rule 26 or a mistake as to its obligations, Defendant reasonably concluded it did not need to disclose the materials because Plaintiff had already filed them with the Court.

In sum, even if there was a disclosure violation, the evidence should not be excluded.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine to Exclude Defendant's Undisclosed Evidence Pursuant to Fed. R. Civ. P. 26 and 37(c)(1) (Doc. 107) is **DENIED**.

**SO ORDERED** this 21st day of August 2026.

*s/Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE