**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| BARBARA PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>SHELBY COUNTY GOVERNMENT<br><br>Defendant. | ) | Case No. 2:21-cv-02730-BCL-cgc |

**ORDER GRANTING DEFENDANT'S MOTION TO QUASH SUBPOENA IN PART**

Before the Court is Defendant Shelby County Government's Motion to Quash Subpoena. Doc. 113. Plaintiff Barbara Phillips filed a Response in Opposition. Doc. 115. For the following reasons, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

The subpoenas at issue were served on Defendant August 13, 2026. Doc. 115. Trial in this case is set for August 31, 2026. Doc. 89. Plaintiff's subpoena commands the production of the following 24 documents by August 22, 2026:

1. Plaintiff's personnel file
2. Employment application
3. Position descriptions
4. Compensation history
5. Payroll records
6. Attendance records
7. Leave records
8. FMLA records
9. Accommodation requests
10. Interactive process documents
11. Medical restrictions maintained by Human Resources
12. OJI documentation maintained by HR
13. Performance evaluations

14. Disciplinary records
15. Separation documentation
16. Employee benefits records
17. Retirement enrollment records
18. Credited service history
19. Employee retirement contributions
20. Employer retirement contributions
21. Current retirement balance
22. Pension calculations
23. Benefit estimates
24. Documents sufficient to calculate Plaintiff's retirement losses resulting from her separation

Doc. 113-1.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs the use of subpoenas. "The scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules." Fed. R. Civ. P. 45, Advisory Committee Notes (1970). It allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Rule 45(d)(3)(A) provides that a court must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter if no exception or waiver applies; or (iv) subjects a person to undue burden. "Undue burden is to be assessed in a case-specific manner considering such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *In re: Mod. Plastics Corp.*, 890

F.3d 244, 251 (6th Cir. 2018) (internal quotations omitted). The party seeking to quash the subpoena bears the burden of proof. *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011).

**LEGAL ANALYSIS**

Speaking broadly, the subpoena in this case comes far too late in the process. Plaintiff is essentially seeking to take discovery long after the discovery deadline closed on December 2, 2025. Doc. 48 at 2. While Plaintiff suggests that some or all of these materials would have been encompassed within unanswered discovery requests she served on November 17, 2025 (Doc. 115 at 2), Defendant was within its rights not to respond to those discovery requests because, under an Order imposed by the judge then-presiding over the case (Judge Thomas L. Parker), Plaintiff was required to serve discovery requests at least 45 days before the discovery deadline: October 18, 2025. Doc. 48 at 2 n.1; Doc. 71. The discovery requests were, in other words untimely, and Defendant had no duty to respond. *See McNeal v. Hargett*, No. 1:20-CV-596, 2023 WL 4311397, at *2 (W.D. Mich. July 3, 2023).

It is inappropriate for Plaintiff to use a subpoena to reopen discovery now, long after it has closed, and the Motion is granted for that reason alone. *See Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995); *Houston v. Memphis Light Gas & Water Div.*, No. 2:21-CV-02393-SHM-CGC, 2024 WL 5011639, at *1 (W.D. Tenn. Dec. 6, 2024). ("When a party uses a subpoena duces tecum to 'reopen discovery on the eve of trial' after that party has had adequate opportunity to seek the evidence through the normal discovery process, courts will quash the subpoena."). The Court's decision to quash is confirmed by the circumstances here, where we are on the eve of trial, meaning: (1) Plaintiff had more than ample opportunity to pursue this subpoena or other avenues (including moving to reopen discovery) to obtain this information even after the

discovery period closed but instead chose to wait to the last minute; and (2) requiring Defendant to comply at this point will create a distracting, unwarranted burden on Defendant in the leadup to trial.[1] The latter point is underscored by Plaintiff's failure to identify a narrow collection of specific documents, referring instead to general categories she apparently expects Defendant to identify, sift through, and produce.[2]

For all of these reasons, the Court generally **GRANTS** the Motion to Quash. However, Plaintiff represents that some of the documents covered by the subpoena were included or identified in Defendant's pretrial disclosures. Doc. 115 at 2 ("Defendant has selected documents from the Plaintiff's personnel file that it intends to use at trial if not excluded."). If there are any such documents, the burden of complying with the subpoena for those documents should be minimal because Defendant is using them to prepare for trial. Therefore, the Motion is **DENIED** with respect to any documents that are both covered by the subpoena and included or identified within Defendant's pretrial disclosures.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Quash Subpoena (Doc. 113) is **GRANTED IN PART and DENIED IN PART**. The Motion is **DENIED** with respect to documents (if any) that are both covered by the subpoena and included or identified in Defendant's pretrial disclosures. Defendant **SHALL** have until Monday, August 24 to produce these documents

[1] Plaintiff emphasizes the relevance of the information to her claims but, in the circumstances of this case, that makes the burden all the more unwarranted: She should have pursued such essential evidence, and should not be permitted to impose on Defendant the burden of providing her with essential information on the eve of trial as it is preparing its own case.

[2] Plaintiff's suggestion to narrow the scope of the subpoena would seemingly make this difficulty worse, by requiring Defendant to review the documents at an even more granular level to determine what falls within and without the subpoena. In any event, nothing in Plaintiff's proposed narrowing obviates the factors, discussed in the text, that lead to quash. That said, the Court has denied the Motion with respect to a narrow category of documents discussed in the next paragraph.

under the subpoena. The Motion is otherwise **GRANTED** and the subpoena is **QUASHED** accordingly.

**SO ORDERED** this 21st day of August 2026.

*s/Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE